UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

Saratoga Potato Chip Company, Inc.,
a/k/a Olde York Potato Chips; and
Saratoga Potato Chips, LLC;

    Plaintiffs,

v.

Classic Foods, Inc.; and Cuetara
Holdings, Inc.;

    Defendants.

Case No. 1:12-CV-452 JVB

**OPINION AND ORDER**

In this lawsuit Plaintiffs allege that Defendants have failed to abide by the terms of a settlement agreement. Plaintiffs moved for partial summary judgment on this issue. Additionally, they are asking attorneys' fees for the enforcement of the settlement agreement.

In response, Defendant Cuetara Holdings Inc., moved for judgment on the pleadings. Cuetara contends that Plaintiffs' claims regarding the relationship between Cuetara Holdings and Classic Foods, specifically the direct claims, alter ego claims, and the piercing of the corporate veil claims, are insufficient to state a claim under Federal Rule of Civil Procedure 8(a). Defendant Classic Foods filed a Response to Plaintiffs' Motion for Partial Summary Judgment that disputes some of the attorneys' fees, but does not dispute breaching the settlement agreement.

**A. Standard for Evaluating a Motion for Judgment on the Pleadings**

Judgment on the pleadings on a legal issue is appropriate when, after the pleadings are closed, the court determines that there is no material issue of fact presented and that one party is clearly entitled to judgment. *See Flora v. Home Federal Sav. & Loan Assoc.*, 685 F.2d 209, 211 (7th Cir. 1982). Such a motion may be granted only if the moving party clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. *Nat'l Fid. Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987). The court may consider only matters presented in the pleadings and must view the facts in the light most favorable to the non-moving party. *Republic Steel Corp. v. Pa. Eng'g Corp.*, 785 F.2d 174, 177 n.2 (7th Cir. 1986). A clearly meritorious affirmative defense may serve as the basis for a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), which is a motion for dismissal on the merits. *Carr v. Tillery*, 591 F.3d 909, 919 (7th Cir. 2010).

**B. Standard for Evaluating a Motion for Summary Judgment**

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* Rule 56(c) further requires the entry of summary judgment after adequate time for discovery against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party supports its motion for summary judgment with affidavits or other materials, it thereby shifts to the non-moving party the burden of showing that an issue of material fact exists. *Keri v. Bd. of Tr. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).

Rule 56(e) specifies that once a properly supported motion for summary judgment is made, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To successfully oppose the motion, the non-movant must present "definite, competent evidence in rebuttal." *Salvadori v. Franklin Sch. Dist.*, 293 F.3d 989, 996 (7th Cir. 2002). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *Keri*, 458 F.3d at 628. A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249–50.

## C. Background

In mid-2011, Florencio Cuetara, the President of Classic Foods, visited Plaintiffs' snack food manufacturing facilities and contracted for the delivery of Plaintiffs' products. (DE 1,

3

Compl. at 2.) Following this visit, in August 2011, Defendants, "Classic Foods and/or Cuetara," completed a credit application form with Plaintiffs and subsequently began issuing purchase orders for Plaintiffs' products. (*Id*.) Over the next three months Plaintiffs fulfilled and shipped thirty-four purchase orders issued by Defendants, which Defendants never paid for. (DE 1, Compl. at 2–3.)

Following Defendants' failure to pay, Plaintiffs filed a complaint in March 2012 against them for breach of contract and unjust enrichment.[1] (DE 1, Compl. at 3.) In August 2012, Plaintiffs and Defendants executed a Settlement Agreement and jointly stipulated to the dismissal of the case. (*Id*.) The Settlement Agreement required Defendants to satisfy their almost $370,000 obligation over the course of eight payments. (DE 1, Compl. at 6.) Plaintiffs did not receive the first payment of $25,000, which was due by September 15, 2012, or the second payment of $50,007, which was due by October 1, 2012. (*Id*.)

When Defendants failed to abide by the Settlement Agreement, Plaintiffs filed a new Complaint to enforce the Settlement Agreement and reasserted the breach of contract and unjust enrichment claims from their previous Complaint. Plaintiffs then moved for partial summary judgment requesting a judgment to enforce the Settlement Agreement and award court costs and attorneys' fees. (DE 18, Pl.'s Mot. For Summ. J.) Plaintiffs attached affidavits to their Motion for Partial Summary Judgment that outline the payment plan agreed to by the parties, Defendants' failure to make the payments, and the attorneys' fees incurred enforcing the Settlement Agreement. (DE 18-1, Margie Aff. 2; DE 18-2, Pls.' Attorney Aff. 1, 3–4.)

In response, each Defendant took a different path. Classic Foods, in their Answer, argues that there are genuine issues of material fact regarding some of the attorneys' fees sought by Plaintiffs. (DE 31, Def.'s Resp. Br. 1–2.) On the other hand, Cuetara Holdings, filed a Motion for

---

[1] Plaintiffs previous Complaint was captioned 1:12-CV-84 JVB.

Judgment on the Pleadings. (DE 33, Def.'s Mot. J. Plead. 1.) Cuetara Holdings asserts that Plaintiffs' pleadings are insufficient and do not state a plausible claim for relief. Both Defendants are represented by the same attorney, Eric L. Kirshner.

**C.     Analysis**

Plaintiffs allege that they are entitled to partial summary judgment because Defendants, both admittedly parties to the Settlement Agreement, have failed to pay. Defendant Cuetara Holdings asserts that Plaintiffs have not adequately articulated a cause of action against it. Yet, its argument fails in all respects.

**(1) *Cuetara Holdings Motion for Judgment on the Pleadings***

In its motion for judgment on the pleadings, Cuetara Holdings argues that Plaintiffs have not alleged that Cuetara Holdings and Classic Foods are related enough for Cuetara Holdings to be responsible for the agreed upon payments in settlement agreement. Cuetara Holdings is wrong.

Plaintiffs explained the origins of the business relationship between them and Defendants, which are undisputed. (DE 1, Compl. 1–3; DE 15, Defs.' Ans. 2–3.) Plaintiff alleges that they dealt with Cuetara Holdings and Classic Foods as one entity, led by Florencio Cuetara, throughout their business dealings. Plaintiffs then describe the Settlement Agreement for Defendants' payment of $368,646.56 to Plaintiffs. (DE 1, Compl. 3; DE 15, Defs.' Ans. 5.) Rule 8(a)(2) requires no more. In fact, Defendants admit that this Settlement Agreement exists and that Classic Foods and Cuetara Holdings are signatories to the agreement, but Cuetara Holdings

then claims that it does not have sufficient information to either admit or deny whether payment was made. (DE 15, Defs.' Ans. 9.)

Cuetara Holdings also contends that the Complaint fails to adequately allege that they are the parent company of Classic Foods. Cuetara Holdings argues that the Complaint almost exclusively refers to Classic Foods, as opposed to both Defendants, by Plaintiffs in sections that address the breach of the Settlement Agreement and the associated attorneys' fees. While that is true, in the background section of the Complaint, Plaintiffs allege that Cuetara Holdings is the parent company of Classic Foods: (1) Classic Foods is not listed as a corporation on the Delaware Secretary of State's website; (2) Classic Foods is a "doing business as" subsidiary of Cuetara Holdings. (DE 1, Compl. 2–3.) Moreover, Plaintiffs allege direct, alter ego, and piercing the corporate veil claims against Cuetara Holdings. (*Id.*) Plaintiffs incorporate these claims by reference into Count V and Count VI. (DE 1, Compl. 6–7.) This level of pleading is sufficient. Since, dismissing of a complaint is appropriate only if it appears beyond doubt that plaintiffs can prove no set of facts in support of their claims which would entitle them to relief, Cuetara's motion for judgment on the pleadings is denied. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Jefferson v. Ambroz*, 90 F.3d 1291, 1296–97 (7th Cir. 1996).

**(2)** *Plaintiffs' Motion for Partial Summary Judgment*

In their motion for partial summary judgment, Plaintiffs argue that Defendants have breached the terms of the Settlement Agreement by failing to make the required payments.

To prevail on summary judgment for breaching the settlement agreement Plaintiffs must show (1) proof of a contract, (2) a breach by Defendants, and (3) damages. *See Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 635 (7th Cir. 2007). Each element is satisfied here. As noted

6

previously, all parties acknowledge the existence of the Settlement Agreement between Plaintiffs and Defendants. (DE 44-3, Ex. C.) Defendants' have failed to pay as agreed. (DE 18-1, Margie Aff. 2.) Furthermore, Plaintiffs have incurred damages as a result of Defendants' failure to pay.

Plaintiffs also contend that the Settlement Agreement entitles them to reasonable attorney's fees for enforcing the terms of the agreement. Defendants admit that the Settlement Agreement contains this clause. (DE 15, Def.'s Ans. 10.) Moreover, Classic Foods does not dispute that attorneys' fees are due to Plaintiffs, only that Plaintiffs have overstated them. (DE 31, Def.'s Resp. 1–2.) In assessing fee requests, courts recognize that the "fuzziness of the criteria . . . ensures that people seeking opportunities to contest the fees will not need to search hard." *Kirchoff v. Flynn*, 786 F.2d 320, 325 (7th Cir. 1986). Defendants have searched for discrepancies in Plaintiffs' attorneys record-keeping, but have not found anything raising a legitimate question of excessiveness. Defendants complain of three charges that are reasonable by any measure.[2] Accordingly, partial summary judgment is also granted for Plaintiffs' recovery of attorneys' fees.

**D.  Conclusion**

The Court grants Plaintiffs' Motion for Partial Summary Judgment for the enforcement of the Settlement Agreement and associated attorneys' fees. (DE 18)  Attorneys' fees in the amount of $3,152.50 shall be paid by Defendants as outlined in Plaintiffs' Affidavit of Attorneys' Fees. (DE 18-2)

---

[2] The three disputed charges are: (1) a 1.0 hour charge for finalizing and filing a federal complaint and a telephone call regarding the same; (2) a .50 hour charge for reviewing a notice of removal and drafting a memo to another attorney regarding the same; and (3) a .10 hour charge to review the Defendants' notice of removal filed in state court. (DE 31, Def.'s Resp. 1–2.)

The Court denies Defendant Cuetara Holdings Motion for Judgment on the Pleadings (DE 33).

SO ORDERED on March 27, 2014.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE