UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SARATOGA POTATO CHIPS COMPANY, INC., a/k/a Olde York Potato Chips, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CAUSE NO. 1:12-CV-452 |
| | ) |
| CLASSIC FOODS, INC., et al., | ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is a Motion for Leave to File Amended Complaint (Docket # 63) filed by Plaintiffs Saratoga Potato Chip Company, Inc., and Saratoga Potato Chips, LLC (together, "Saratoga"), on June 4, 2014, seeking to name Balance Foods, Inc. ("Balance"), as an additional defendant under theories of alter ego and successor liability. Defendant Cuetara Foods, Inc. ("Cuetara"), opposes Saratoga's motion on the grounds that it is untimely and futile. For the following reasons, Saratoga's motion to amend–which the Court deems to be a motion for leave to file a supplemental pleading under Federal Rule of Civil Procedure 15(d)–will be GRANTED.

*A. Factual and Procedural Background*

On October 18, 2012, Saratoga filed this breach of contract action against Defendants Cuetara and its alleged "d/b/a" or subsidiary, Classic Foods, Inc. ("Classic"), in the Allen Superior Court. (Docket # 1.) Defendants removed the case here based on diversity of citizenship, 28 U.S.C. § 1332. (Docket # 2.) This suit stems from Defendants' purported failure to pay approximately $368,646.56 for snack foods ordered from Saratoga during July 2011 to January 2012, and failure to make payments under an August 2012 agreement settling a prior

lawsuit filed by Saratoga on the matter. (Docket # 1.)

The Court conducted a preliminary pretrial conference on February 28, 2013, setting the following deadlines: April 1, 2013, for Saratoga to seek leave of Court to amend the pleadings and join additional parties; and September 1, 2013, for the completion of all discovery. (Docket # 16, 17.)

On April 17, 2013, Saratoga filed a motion for partial summary judgment with respect to Classic's breach of the settlement agreement (Docket # 18), which the Court granted on March 27, 2014 (Docket # 45). On July 10, 2013, Cuetara filed a motion for judgment on the pleadings (Docket # 33); but at the same time that the Court was granting judgment against Classic, the Court denied Cuetara's motion, finding that Saratoga had, at least, adequately alleged direct, alter ego, and piercing the corporate veil liability (Docket # 45 at 6).

At an April 17, 2014, status conference before Judge Van Bokkelen, the parties stated that discovery was not concluded with respect to Cuetara, because they had put it "on hold" while the motion for judgment on the pleadings was pending.[1] (Docket # 51.) On April 22, 2014, the parties stipulated to a final judgment against Classic in the amount of $368,646.56, which the Court granted. (Docket # 57.) Accordingly, on May 7, 2014, the Clerk entered a judgment in favor of Saratoga and against Classic in the amount of $368,646.56. (Docket # 58, 60.)

On June 4, 2014, Saratoga filed the instant supplemental pleading, seeking to add Balance as a defendant liable for Classic's debt under theories of alter ego and successor

---

[1] The Docket, however, does not reflect that the September 1, 2013, discovery deadline was ever extended.

liability. (Docket # 63.) In doing so, Saratoga asserts it recently discovered that on April 7, 2014–after the partial summary judgment was granted–Classic transferred, without notice to Saratoga, all of its assets to Balance, a corporation controlled by Florencio Cuetara, the President of Classic and Cuetara. (Pls.' Mem. of Law 4.) Saratoga alleges that Classic's "pre-acquisition business is now being conducted by Balance Foods in substantially the same manner, by substantially the same personnel, at the same physical facility, and using much of the same equipment and supplies." (Pls.' Mem. of Law 4.) As Saratoga sees it, Defendants have employed a scheme to render Classic judgment proof in this suit. (Pl.'s Mem. of Law 5.)

Cuetara filed a timely objection to Saratoga's motion, claiming that the supplemental complaint was untimely, lacks an adequate jurisdictional statement, inappropriately seeks recovery against Classic, and fails to state a plausible claim for relief against Balance. (Docket # 65.) Saratoga replied on June 13, 2014 (Docket # 66), and thus, the motion is now fully briefed.

### B. Standard of Review

Under Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." "To determine whether 'just terms' exist for motions to supplement under Rule 15(d), the court uses the same factors as those used for motions to amend under 15(a)." *Masonite Corp. v. Craftmaster Mfg., Inc.*, No. 09 cv 2131, 2011 WL 1642518, at *1 (N.D. Ill. Apr. 29, 2011) (citing *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996)). "Accordingly, leave to supplement the pleadings should be granted when there is no apparent reason for denying leave such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

3

prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Id*. (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Ind. Funeral Dirs. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003).

"Events that may be asserted in a supplemental pleading need not rise out of the same transaction or occurrence as the original claim, so long as they bear 'some relationship' to the original pleading." *Means v. Dunedin Apartments*, No. 3:10-cv-2, 2010 WL 1490494, at *3 (N.D. Ind. Apr. 13, 2010) (quoting 3 James Wm. Moore, *Moore's Federal Practice* § 15.30 (3rd ed. 2008)); *accord United States v. State of Indiana*, No. 2:96-cv-95, 2009 WL 3067087, at *3 (N.D. Ind. Sept. 18, 2009). That is, "[a] party may supplement his or her pleading through Rule 15(d) to add new defendants and new claims, but only if adequately related to the originally stated claims." *Harris v. Morton*, No. 9:05-cv-1049, 2007 WL 2365994, at *1 (N.D. N.Y. Aug. 15, 2007); *see Griffin v. Cty. Sch. Bd. of Prince Edward Cty.*, 377 U.S. 218, 226-27 (1964) ("Rule 15(d) . . . plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary.").

"A supplemental pleading promotes as complete an adjudication of the dispute between the parties as possible. It is a tool of judicial economy and convenience, which serves to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted." *Habitat Educ. Ctr., Inc. v. Kimball*, 250 F.R.D. 397, 401 (E.D. Wis. 2008) (internal quotation marks and citations omitted). "Thus, when a supplemental pleading facilitates the efficient administration of justice, a court should allow it." *Id.* Ultimately, the decision to grant or deny leave to file a supplemental pleading is within the court's discretion. *Wilson v. Gipson*, No. 3:94-

cv-891RP, 1995 WL 476695, at *2 (N.D. Ind. July 20, 1995) (citing *Twin Disc, Inc. v. Big Bud Tractor*, 772 F.2d 1329, 1338 (7th Cir. 1985)).

In addition to Rule 15(d), "Rule 16 . . . requires 'good cause' to modify a scheduling order." *Masonite Corp.*, 2011 WL 1642518, at *1 (quoting Fed. R. Civ. P. 16(b)(4)). "Good cause depends on whether the moving party, which missed the scheduled deadline, nonetheless exercised due diligence." *Id*. "If Rule 16(b) applies, the court should apply it first, followed by any appropriate Rule 15 analysis." *Id*.

*C. Discussion*

1. <u>Saratoga shows good cause for the supplemental pleading</u>.

Saratoga's motion to file a supplemental pleading comes fourteen months after the deadline to join additional parties and amend the pleadings, and nine months after the deadline for the close of discovery. Thus, before turning to Rule 15(d), Saratoga must establish "good cause" under Rule 16(b)(4) to modify the scheduling order. That is, Saratoga must show that "despite its diligence, the time table could not reasonably have been met." *Menendez v. Wal-Mart Stores East L.P.*, No. 1:10-cv-53, 2012 WL 2159186, at *1 (N.D. Ind. June 13, 2012).

Saratoga easily establishes good cause for modification of the scheduling order. Classic purportedly assigned its assets on April 7, 2014, without notice to Saratoga. After learning of the assignment from a third party, Saratoga filed the instant motion on June 4, 2014. Thus, Saratoga brought the motion less than two months after the assignment occurred. Accordingly, there is no evidence, nor does Cuetara even suggest, that Saratoga failed to act with reasonable diligence after learning of the assignment. And, of course, Saratoga could not have sought to amend its complaint to add Balance by the deadline set by the Court's scheduling order, since

5

the assignment did not occur until well after the deadline had passed. Accordingly, Saratoga's motion passes Rule 16(b)(4) scrutiny.

2. <u>There is no undue delay, dilatory motive, or futility</u>.

Moving on to Rule 15(d), Cuetara argues that leave to file the supplemental pleading should be denied because it is untimely and futile. As discussed above, although Saratoga's motion is indeed untimely with respect to the deadline set in the scheduling order, it acted with reasonable diligence once it learned of the assignment. Thus, there is no evidence of "undue delay" or "dilatory motive" on Saratoga's part here. *Masonite Corp.*, 2011 WL 1642518, at *1.

    *a.*    *The jurisdictional statement is adequate*.

As to futility, Cuetara asserts that Saratoga's proposed amended complaint is deficient in several respects, rendering it futile. First, it contends that the complaint has a "deficient jurisdictional statement with respect to the parties–Balance, in particular–under 28 U.S.C. § 1332." (Objection to Pl.'s Mot. 1.) But that assertion is unfounded; the proposed amended complaint adequately alleges diversity jurisdiction. It reflects that Saratoga Potato Chip Company, Inc., is a Canadian corporation with its principal place of business in Ontario, and that Saratoga Potato Chips, LLC, is solely owned by Peter Margie, a citizen of Canada. (Proposed Am. Compl. ¶¶ 1-3.) As to Defendants, it reflects that Classic, Cuetara, and Balance are each Delaware corporations with a principal place of business in California. (Proposed Am. Compl. ¶¶ 4-6.) In addition, the complaint alleges that the amount in controversy is at least $368,646.56. (Proposed Am. Compl. ¶¶ 18-19.)

    *b.*    *The assignment document does not make the supplemental complaint futile*.

Next, Cuetara points out that the assignment document, which was attached to Saratoga's

6

supporting memorandum, transferred Classic's assets to Cienega, LLC, not Balance. According to Cuetara, this document belies Saratoga's allegations that Classic transferred its assets to Balance, making the proposed supplemental complaint futile.

But this argument is also unpersuasive. Saratoga contends in its supporting memorandum that Cienega, a consulting business entity, facilitated the transfer of Classic's assets to Balance.[2] (Pls.' Mem. of Law 4.) That the transaction may first have involved a transfer of Classic's assets to Cienega, before Balance, can reasonably be inferred and does not render the complaint futile.

    *c.*    *The judgment against Classic does not render the supplemental complaint futile.*

Cuetara also argues that the proposed supplemental complaint is futile because it names Classic as a defendant, even though a judgment was entered against Classic on May 7, 2014. But the judgment against Classic–which allegedly is a "d/b/a" or subsidiary of Cuetara–did not end the case. Rather, the District Judge articulated in his Order dated March 27, 2014, that Saratoga alleges "direct, alter ego, and piercing the corporate veil claims" against Cuetara. (Docket # 45 at 6.)

The Court will, however, strike Count V of the proposed complaint, which recites Saratoga's breach of settlement agreement claim against Classic. This claim was reduced to a judgment on May 7, 2014 (Docket # 57), and thus, Saratoga can no longer assert that claim against Classic.

For that same reason, the Court will strike any claim in Count VIII against Classic for

---

[2] Saratoga states that Cienega's motto on its website is: "Professional Business Consultants . . . who go where lawyers should not go and where accountants do not want to go!" (Pl.'s Mem. of Law 4.)

attorney's fees and costs for enforcing the terms of the Settlement Agreement. That claim was also reduced to a judgment on May 7, 2014 (Docket # 57), and thus, Saratoga can no longer assert the claim against Classic.

    *d.*  *Basing certain allegations "on information and belief" does not cause futility.*

  And finally, Cuetara claims that Saratoga's basing certain allegations "on information and belief" renders the proposed supplemental complaint "insufficient to state a plausible claim," and thus, futile. (Objection to Pls.' Mot. 1.) The allegations at issue support the alter ego and successor liability theories and assert that: (1) Balance and Cuetara are the alter egos of Classic; (2) Balance, Cuetara, and Classic are so closely connected that Balance and Cuetara are responsible for Classic's actions; (3) Classic, Cuetara, and Balance are located in the same offices and use the same telephone numbers and website; (4) Balance is liable for Classic's debts under successor liability; and (5) Classic fraudulently sold its assets to Balance for the purpose of evading liability. (Proposed Am. Compl. ¶¶ 51, 52, 56, 59, 60.)

  As a general rule, "allegations . . . cannot be faulted for their reliance on 'information and belief.'" *Brown v. Budz*, 398 F.3d 904, 914 (7th Cir. 2005). "[N]othing in either *Twombly* or *Iqbal* suggests that pleading based upon 'information and belief' is necessarily deficient." *Simonian v. Blistex, Inc.*, No. 10 cv 1201, 2010 WL 4539450, at *3 (N.D. Ill. Nov. 3, 2010); *see Vance v. Bureau of Collection Recovery, LLC*, No. 10-cv-6324, 2011 WL 881550, at *3 (N.D. Ill. Mar. 11, 2001) ("[T]here is nothing *per se* improper about pleading allegations 'upon information and belief.'") (collecting cases). Thus, contrary to Cuetara's urging, "pleading in this manner is not categorically improper, especially when information lies uniquely within the control of the defendant." *Simonian*, 2010 WL 4539450, at *3.

8

Federal Rule of Civil Procedure 9(b), however, requires that "the circumstances constituting fraud . . . shall be stated with particularity." *UniQuality, Inc., v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992). "Rule 9(b)'s particularity requirement is not satisfied by allegations of fraud based on 'information and belief,' unless the facts are peculiarly within the adversary's knowledge." *Richter v. Corp. Fin. Assocs., LLC*, No. 1:06-cv-1623, 2007 WL 1164649, at *1-2 (S.D. Ind. Apr. 19, 2007) (citing *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 684 (7th Cir. 1992)).

But courts in this district have held that Rule 9(b)'s heightened pleading requirement should be applied narrowly, and that it does not apply to situations in which a plaintiff claims relief under an alter ego or successor liability theory. *See Mamacita, Inc. v. Colborne Acquisition Co., LLC*, No. 10 C 6861, 2011 WL 881654, at *3 (N.D. Ill. Mar. 11, 2011) (noting as a preliminary matter the parties' agreement that Rule 9(b)'s heightened pleading requirements do not apply to claims of successor liability); *Ret. Plan of Unite Here Nat'l Ret. Fund v. Kim*, No. 08 C 2435, 2009 WL 413077, at *2 n.1 (N.D. Ill. Feb. 17, 2009) ("Alter ego and successor liability claims are not subject to Rule 9."); *Flexicorps, Inc. v. Benjamin & Williams Debt Collectors, Inc.*, No. 06 C 3183, 2007 WL 3231425, at *3 n.2 (N.D. Ill. Oct. 30, 2007) ("[Rule 9(b)'s] heightened pleading standard does not apply to claims for successor liability."); *Kruse v. Aamed, Inc.*, No. 96 C 5344, 1997 WL 102528, at *3 (N.D. Ill. Mar. 4, 1997) (applying Rule 9(b) narrowly and concluding that it does not apply to claims for alter ego liability).

Applying the foregoing law, Saratoga's allegations based "on information and belief" that support its alter ego and successor liability theories do not render the supplemental complaint futile. The Court will, however, strike the words "fraudulent" in paragraph 17 and

9

"fraudulently" in paragraph 60 of the proposed supplemental pleading, because the term causes those allegations to fall short of satisfying the particularity requirements of Rule 9(b). *See Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) ("Rule 9(b) applies to averments of fraud, not claims of fraud, so whether the rule applies will depend on the plaintiffs' factual allegations.").

3.  Cuetara does not argue that it will be unduly prejudiced by the supplemental complaint.

As stated earlier, Saratoga's deadline to amend the pleadings passed on April 1, 2013, and a judgment was entered against Classic on May 7, 2014. But apparently discovery is still ongoing with respect to Cuetara, and a trial date has not yet been set. Significantly, Cuetara does not argue that it will be unduly prejudiced by allowing Saratoga to supplement its complaint at this stage of the proceedings. (*See* Docket # 65.)

"Generally, a plaintiff may elect to pursue additional claims as a separate action or through supplemental pleadings. Use of supplemental pleadings is favored when it will permit the court to provide complete or nearly complete relief in a single action, thus promoting judicial economy and convenience." *Peterson v. California*, No. 1:10-cv-1132, 2011 WL 3875622, at *5 (E.D. Cal. Sept. 1, 2011). Entry of a judgment does not necessarily preclude the use of Rule 15(d). *See Cole v. Harris*, No. 4:09-cv-2012, 2012 WL 5830524, at *5 (N.D. Ohio Nov. 16, 2012); *Princesse D'Isenbourg Et Cie Ltd. v. Kinder Caviar*, No. 3:09-29-DCR, 2012 WL 258567, at *1 (E.D. Ky. Jan. 27, 2012); *Ctr. for Biological Diversity v. Salazar*, No. CV 07-0038-PHX-MHM, 2010 WL 3924069, at *4 (D. Ariz. Sept. 30, 2010).

Although a judgment has been entered against Classic, Cuetara remains in the case to defend against claims that it is liable for Classic's debt through alter ego and piercing the

corporate veil theories. (Docket # 45 at 1, 6.) Allowing the supplemental complaint alleging that Balance is also liable for Classic's debt through alter ego and successor liability theories will permit the Court to provide complete or nearly complete relief in a single action, and thus, promote judicial economy and convenience. *See Griffin*, 377 U.S. at 227 (stating that supplemental pleadings covering events that happened after suit and adding persons participating in those events "are well within the basic aim of the rules to make pleadings a means to achieve an orderly and fair administration of justice"); *Habitat Educ. Ctr.*, 250 F.R.D. at 401 (explaining that a supplemental pleading avoids "the cost, delay and waste of separate actions which must be separately tried and prosecuted"). "[W]hen a supplemental pleading facilitates the efficient administration of justice, the court should allow it." *Habitat Educ. Ctr.*, 250 F.R.D. at 401; *see, e.g.*, *Oncology Therapeutics Network Connection v. Va. Hematology Oncology PLLC*, No. C 05-3033 WDB, 2006 WL 334532, at *13-14 (N.D. Cal. Feb. 10, 2006) (allowing proposed amended complaint advancing alter ego and fraudulent conveyance theories of liability where defendant failed to identify any resulting prejudice).

Accordingly, the Court will GRANT Saratoga leave to file the supplemental complaint and add Balance as a defendant. The Court will conduct a scheduling conference once Balance has been served and appears, and discovery will then be reopened. The Court can still sever the action in the event Balance identifies residual prejudice.

### *D. Conclusion*

For the foregoing reasons, Plaintiffs' Motion for Leave to File Amended Complaint, which the Court deems to be a motion to file a supplemental complaint (Docket # 63), is GRANTED, except that the following portions are STRICKEN:

1. The words "fraudulent" in paragraph 17 and "fraudulently" in paragraph 60;

2. Count V in its entirety, which is Saratoga's claim against Classic for breach of the Settlement Agreement that was reduced to a judgment on May 7, 2014; and

3. Count VIII to the extent it advances a claim for attorney's fees and costs against Classic for enforcing the Settlement Agreement, which was reduced to a judgment on May 7, 2014.

The Clerk is DIRECTED to show Plaintiffs' proposed complaint as filed in accordance with this Order.

SO ORDERED.

Enter for June 27, 2014.

S/Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge
