UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| SARATOGA POTATO CHIP | ) | |
|---|---|---|
| COMPANY, INC., a/k/a Olde York | ) | |
| Potato Chips, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:12-cv-00452-JVB-SLC |
| | ) | |
| CLASSIC FOODS, INC., *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Before the Court is a motion for sanctions (DE 91) under Federal Rule of Civil Procedure 37(b)(2) filed by Plaintiffs Saratoga Potato Chip Company, Inc., also known as Olde York Potato Chips, and Saratoga Potato Chips, LLC (together, "Saratoga"), against Defendants Classic Foods, Inc. ("Classic"), and Cuetara Holdings, Inc. ("Cuetara"), and their president and principal, Florencio Cuetara ("Florencio"). Defendants failed to respond to the motion for sanctions, and their time to do so has now passed. The motion was referred to the undersigned Magistrate Judge by District Judge Joseph Van Bokkelen for a Report and Recommendation. (DE 94). Having reviewed the record, and pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72-1, the undersigned Magistrate Judge recommends that Saratoga's motion be GRANTED IN PART and that certain sanctions be imposed against Classic and Cuetara. This Report and Recommendation is based on the following facts and principles of law.

## A. Factual and Procedural Background

This breach of contract action filed by Saratoga against Classic and Cuetara in October 2012 stems from Classic's and Cuetara's purported failure to pay approximately $368,646.56 for snack foods ordered from Saratoga from July 2011 to January 2012, and failure to make payments under an August 2012 agreement settling a prior lawsuit filed by Saratoga on the matter. (DE 1). At a preliminary pretrial conference in February 2013, the Court set a discovery deadline of September 1, 2013. (DE 17).

In April 2013, Saratoga filed a motion for partial summary judgment with respect to Classic's purported breach of the settlement agreement (DE 18), which the Court granted in March 2014 (DE 45). In April 2014, the parties stipulated to a judgment against Classic in the amount of $368,646.56, which the Court granted. (DE 57).

In June 2014, Saratoga filed a supplemental pleading, seeking to add Balance Foods, Inc. ("Balance"), as a defendant liable for Classic's debt under theories of alter ego and successor liability. (DE 63). Saratoga asserted that it had recently discovered that in April 2014—after the partial summary judgment was granted—Classic transferred, without notice to Saratoga, all of its assets to Balance, a corporation also controlled by Florencio, in an effort to render Classic judgment proof in this suit. (DE 64). The Court granted Saratoga's motion to amend (DE 68), and Saratoga filed its supplemental complaint adding Balance as a Defendant (DE 69).

Also in June 2014, Saratoga served its First Set of Interrogatories and Requests for Production on Classic and Cuetara. (DE 91 ¶ 1; DE 92-1; DE 92-2). When Classic and Cuetara failed to respond after being afforded several extensions, Saratoga filed a motion to compel in September 2014. (DE 71). Neither Classic nor Cuetara responded to the motion to compel, and

thus, the Court granted it, ordering Cuetara and Classic to fully respond to the discovery requests on or before October 14, 2014. (DE 79). On October 15, 2014, Cuetara served Saratoga with answers to its interrogatories (DE 86); Classic never did respond to the discovery requests.

On October 29, 2014, Saratoga filed the instant motion for sanctions on the basis that Cuetara's discovery responses are "woefully inadequate" and that Classic never responded at all. (DE 91 ¶¶ 5, 7). Prior to filing the motion, counsel for Saratoga conferred with counsel for Cuetara and Classic, who stated that he simply forwarded the discovery responses that his client provided to him. (DE 91 ¶ 8). Counsel to Cuetara and Classic agreed to check with his clients and provide any supplemental information by October 27, 2014. (DE 91 ¶ 8). He later informed counsel to Saratoga that no further discovery responses would be forthcoming. (DE 91 ¶ 9). To date, Cuetara and Classic have not provided any supplemental discovery responses (DE 91 ¶ 9), nor have they responded to the instant motion for sanctions.

## B. Applicable Legal Standard

Federal Rule of Civil Procedure 37(b)(2)(A) provides that "[i]f a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." These orders may include "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims" or "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A). Instead of or in addition to the orders above, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was

substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

"The simple failure to comply is enough [to warrant sanctions], notwithstanding a complete lack of culpability on [the defendants'] part." *Halas v. Consumer Servs., Inc.*, 16 F.3d 161, 164 (7th Cir. 1994). That is, "the culpability of a party who fails to comply with a court order determines only which sanctions the court should impose and not whether any sanctions are appropriate at all." *Id.* (citations omitted). "[A]n award of sanctions must be proportionate to the circumstances surrounding the failure to comply with discovery." *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1382 (7th Cir. 1993).

### C. Analysis

As stated above, Classic has not attempted to comply with the Court's discovery order or explain why it has not responded. Although Cuetara did provide discovery responses after the Court's order, its answers to Saratoga's 17 interrogatories are, as Saratoga suggests, woefully inadequate. (*See* DE 92-2 at 1-7).

To eight of the interrogatories, which inquired about communications and relationships among the Defendants, employees of each entity, secured creditors, customers, sales transactions, and sales proceeds, Cuetara simply answered with "N/A," providing no further explanation. (DE 92-2 at 3-6). In response to several other interrogatories inquiring about the assets of Defendants, loans, and bank accounts, Cuetara responded that there were no assets or transfer of assets, loans, bank accounts, or employees of Defendants, that Cuetara is a "holding company," and that "[n]o affiliates or subsidiaries are left." (DE 92-2 at 6).

Nor did Cuetara produce any responsive documents to Saratoga's document requests.

4

(*See* DE 92-2 at 10-13). In response to Saratoga's request for production of bank account statements, tax returns, accounting records, credit applications, and contracts and communications between Defendants, Cuetara responded that no documents were available, that "[n]o financials were kept," and that Cuetara "is just a holding company." (DE 92-2 at 12). However, in response to one document request seeking Defendants' corporate books, Cuetara did state that it would make its own corporate books available to Saratoga's attorney for inspection at an agreed upon time and place. (DE 92-2 at 11).

Federal Rule of Civil Procedure 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response [to a discovery request] must be treated as a failure to disclose, answer, or respond." Here, Classic never responded to the discovery requests, and Cuetara's discovery responses are, for the most part, so evasive and incomplete that they must be treated as a failure to answer or disclose. When Saratoga requested supplemental responses, Cuetara stated that it would not provide any further responses. As such, the Court can only conclude that Cuetara willfully failed to comply with the Court's order to "fully respond" to Saratoga's discovery requests. As a result, sanctions are appropriate against Classic and Cuetara.

Both the decision to sanction and the choice of an appropriate sanction are within the broad discretion of the Court. *See Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 670 (7th Cir. 1996). "An award of sanctions under Rule 37 should effectuate its three purposes: (1) ensuring the disobedient party does not benefit from non-compliance; (2) obtaining compliance with discovery orders; and (3) providing a general deterrent in the particular case and litigation in general." *United Consumers Club, Inc. v. Prime Time Mktg. Mgmt., Inc.*, 271 F.R.D. 487, 501 (N.D. Ind. 2010) (citations omitted). "There are two limitations upon a court's discretion to

impose sanctions under Rule 37(b)(2): the sanctions must be 'just' and they must 'relate to the particular claims to which the discovery order was addressed.'" *Id*. (quoting *Morris v. United States*, 37 Fed. Cl. 207, 213 (1997)).

Here, Saratoga contends that a financial sanction against Classic and Cuetara, standing alone, would not provide adequate relief, as Saratoga already owns a substantial judgment against Classic, which Classic refuses to pay. And if one credits Cuetara's discovery responses, Cuetara is merely a holding company with no assets or bank accounts. Therefore, Cuetara too may disregard any monetary sanction.

As explained earlier, under Rule 37(b)(2)(A)(i) and (ii), the Court has the power to "direct[] that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims" and "prohibit[] the disobedient party from supporting, or opposing designated claims or defenses, or from introducing designated matters in evidence . . . ." Here, Saratoga argues that its discovery requests were designed to gather facts and documents supporting its claim that Cuetara and Balance are alter egos of Classic, and that Balance is a successor of Classic. As such, Saratoga asserts that the Court should find that Cuetara and Balance are, for purposes of this litigation, alter egos of Classic, and that Balance is, for purposes of this litigation, a successor of Classic.

But such a sanction would be wholly inappropriate against Balance. Saratoga's discovery requests were served to Classic and Cuetara *before* Balance was added as a Defendant; thus, there is no indication that Balance was ever served these discovery requests or a motion to compel. The Court cannot sanction a party that has not been served with discovery and has not defied a court order. *See, e.g.*, *Morris v. Ley*, No. 05-C-0458, 2006 WL 2585029, at *3 (E.D.

Wis. Sept. 7, 2006) (denying plaintiff's motion for sanctions because he filed them when his motion to compel was still pending).

However, in light of Classic's failure to respond to discovery; Cuetara's woefully inadequate answers to Saratoga's interrogatories, its refusal to supplement, and failure to produce responsive documents; and Classic's and Cuetara's failure to object or otherwise respond to the instant motion for sanctions, the Court can only conclude that Classic's and Cuetara's noncompliance was willful and that they do not oppose a finding that Cuetara is the alter ego of Classic. As such, the undersigned will recommend that the Court, as a sanction, make a finding that Cuetara is the alter ego of Classic for purposes of this action, as alleged in Count VI of the amended complaint.

Saratoga also requests pursuant to Rule 37(b)(2)(C) that Classic, Cuetara, and Florencio, jointly and severally, be ordered to pay the reasonable expenses, including attorney's fees, that Saratoga incurred in filing the instant motion. These expenses total $3,420 and are detailed in an affidavit attached to Saratoga's motion. (DE 92-4). Rule 37(b)(2)(C) states that "the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances made an award of expenses unjust." (Emphasis added). Here, there is no argument from Classic or Cuetara suggesting that their failure to respond was substantially justified. Therefore, the undersigned Magistrate Judge will recommend that Saratoga's request for expenses and fees in the amount of $3,420 be granted against Classic and Cuetara, jointly and severally. Saratoga, however, fails to cite legal authority for extending this sanction of expenses and fees to Florencio individually, and thus, the Court declines to do so.

Finally, Saratoga asks that the Court impose a $25,000 fine, payable to Saratoga, against Florencio as the principal and president of each Defendant. Saratoga emphasizes that Florencio signed the inadequate answers to the interrogatories on behalf of Cuetara and made the decision not to supplement the answers. Although a fine is not included in the specific sanctions identified in Rule 37(b)(2)(A), courts have at times imposed fines against parties for a failure to obey a discovery order, "especially where they are 'remedial' and correspond to some real cost . . . ." *Maynard v. Nygren*, 332 F.3d 462, 466-67 (7th Cir. 2003) (citation omitted). Such fines, however, are typically paid to the court, not the moving party. *See Classic Amenities, Inc. v. Verbeke*, No. 00 C 3326, 2001 WL 630709, at *2 (N.D. Ill. June 4, 2001) (collecting cases assessing court fines for Rule 37 violations).

Here, Saratoga has not cited any legal authority for its request that it be paid $25,000 as a fine, nor has it shown that such a fine is remedial or corresponds to some actual cost. As stated above, Saratoga has also not provided legal authority for its assertion that a fine should be imposed against Florencio individually. As such, the undersigned Magistrate will recommend that Saratoga's request for a $25,000 fine against Florencio be denied.

### D. Conclusion

For the foregoing reasons, the undersigned Magistrate Judge recommends that the Saratoga's motion for sanctions (DE 91) be GRANTED IN PART in that:

(a) a finding that Cuetara is the alter ego of Classic, as alleged in Count VI of the amended complaint, should be taken as established for purposes of this action; and

(b) Saratoga is awarded expenses and fees in the amount of $3,420 against Classic

and Cuetara, jointly and severally;

and that the motion be OTHERWISE DENIED.

The Clerk is directed to send a copy of this Report and Recommendation to counsel for the parties. NOTICE IS HEREBY GIVEN that within 14 days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.

SO ORDERED.

Enter for this 29th day of October 2015.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge