# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| SARATOGA POTATO CHIP COMPANY, INC., *also known as* Old York Potato Chips, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CAUSE NO. 1:12-cv-00452-JVB-SLC ) |
| CLASSIC FOODS, INC., *et al.*, | ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a Motion to Compel (DE 104) filed on July 5, 2016, by Plaintiffs Saratoga Potato Chip Company, Inc., also known as Olde York Potato Chips, and Saratoga Potato Chips, LLC (together, "Saratoga"), seeking to compel Defendant Balance Foods, Inc. ("Balance"), to supplement its November 4, 2014, responses to Saratoga's First Set of Interrogatories and Requests for Production of Documents. Balance has not filed a response to the motion, and the time to do so has now passed. For the following reasons, Saratoga's motion will be GRANTED.

### A. *Factual and Procedural Background*

Saratoga filed this breach of contract action against Defendants Classic Foods, Inc. ("Classic"), and Cuetara Holdings, Inc. ("Cuetara"), in October 2012, asserting that Classic and Cuetara failed to pay approximately $368,646.56 for snack foods ordered from Saratoga and failed to make payments under an August 2012 agreement settling a prior lawsuit filed by Saratoga on the matter. (DE 1). In April 2014, the parties stipulated to a judgment against Classic in the amount of $368,646.56, which the Court granted. (DE 57).

In June 2014, Saratoga filed a supplemental pleading, seeking to add Balance as a defendant liable for Classic's debt under theories of alter ego and successor liability. (DE 63). Saratoga asserted that it had recently discovered that Classic transferred, without notice to Saratoga, all of its assets to Balance in an effort to render Classic judgment proof in this suit. (DE 64). The Court granted Saratoga's motion to amend (DE 68), and Saratoga filed its supplemental complaint adding Balance as a Defendant (DE 69).

On September 9, 2014, Saratoga served its First Set of Interrogatories and Requests for Production on Balance. (DE 104 ¶ 1; DE 104-1). After failing to meet its promised due date several times, Balance eventually served its discovery responses on Saratoga on November 4, 2014. (DE 104 ¶ 7; DE 104-7). Saratoga, however, contends that Balance's discovery responses omitted a substantial amount of requested information and documents. (DE 104 ¶ 8). Saratoga's counsel has corresponded with Balance's counsel on several occasions, requesting that Balance supplement its discovery responses. (DE 104 ¶¶ 9-10, 19). To date, Balance has not done so.

This case was automatically stayed with respect to Balance from October 29, 2015, through May 4, 2016, due to Balance's filing for bankruptcy. (DE 97; DE 102). When notifying the Court concerning the bankruptcy, Balance's counsel also filed a motion to withdraw, which the Court denied. (DE 95; DE 97). At a status conference on May 4, 2016, the bankruptcy case having been terminated and the automatic stay lifted, Balance's counsel advised the Court that it anticipated filing a motion to dismiss or a motion to transfer by June 15, 2016. (DE 102). No such motion, however, was filed by that date.

On June 14, 2016, Balance's counsel filed a second motion to withdraw, which remains pending. (DE 103). In that motion, counsel represents that Balance has failed to respond to

counsel's communications and has failed to pay for counsel's services, and that counsel's only recent contact with Balance has been with its bankruptcy attorney. (DE 103 ¶ 4).

On July 5, 2016, Saratoga filed the instant motion to compel, asking that the Court order Balance to supplement its November 4, 2014, discovery responses. (DE 104). Saratoga's counsel states in the motion that he contacted Balance's attorney, who responded that he had already disclosed all of the discovery responses that Balance had provided to him. (DE 104 ¶ 19). As stated earlier, Balance has not filed a response to the motion to compel.

## B. Applicable Law

Federal Rule of Civil Procedure 37 permits a party to file a motion to compel discovery upon "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a). Together with the motion to compel, a party must file "a separate certification that the party has conferred in good faith or attempted to confer with the other affected parties in an effort to resolve the matter raised in the motion without court action." N.D. Ind. L.R. 37-1(a); *see* Fed. R. Civ. P. 37(a)(1). "A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court." *Redmond v. Leatherwood*, No. 06-C-1242, 2009 WL 212974, at *1 (E.D. Wis. Jan. 29, 2009) (citation omitted).

## C. Discussion

The Court finds that Saratoga has adequately attempted to confer in good faith with Balance in an effort to resolve this matter without Court action. (DE 105; DE 104-7; DE 104-8); *see* Fed. R. Civ. P. 37(a)(1); N.D. Ind. L.R. 37-1(a). Balance, however, has not responded to Saratoga's request that Balance supplement its initial discovery responses, nor has Balance responded to the instant motion to compel.

A review of the motion to compel and its attachments indicates that Saratoga's request that Balance supplement its prior discovery responses (DE 104-7) is appropriate, as many of Balance's answers or responses appear incomplete. *See* Fed. R. Civ. P. 26(b)(1) (permitting discovery into "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."). Consequently, the Court will GRANT the motion to compel (DE 104) and order Balance to supplement its answers to Saratoga's First Set of Interrogatories and Requests for Production (DE 104-6; DE 104-7).

To the extent that Balance believes it has already produced all documents responsive to a particular document request, Balance is to file an affidavit or declaration, signed by its executive officer, (1) stating that after diligent search, it has no responsive documents in its "possession, custody, or control" other than those already produced, *Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum, LLC*, No. 1:04-cv-477, 2007 WL 1164970, at *5 (N.D. Ind. Apr. 18, 2007); and (2) describing, with particularity, its efforts to locate any responsive documents, *Traveler v. CSX Transp., Inc.*, No. 1:06-CV-56, 2007 WL 433530, at *2 (N.D. Ind. Feb. 6, 2007). The affidavit must be filed with respect to each document request for which Balance believes it has already produced all responsive documents.

### D. Conclusion

For the foregoing reasons, Saratoga's Motion to Compel (DE 104) is GRANTED. Balance is ORDERED to supplement its answers and fully respond to Saratoga's First Set of Interrogatories and Requests for Production (DE 104-6; DE 104-7) on or before August 29, 2016, including, if necessary, filing an affidavit as described herein.

SO ORDERED. Entered this 15th day of August 2016.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge